FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIBEL B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:17-CV-05112-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 15. Attorney Chad L. Hatfield represents Maribel B. (Plaintiff); Special Assistant United States Attorney Joseph John Langkamer represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on April 1, 2013, Tr. 109, alleging disability since August 10, 2011, Tr. 247, 253, due to Hepatitis C, left ankle fracture, carpel tunnel syndrome, depression, anxiety, and a pinched nerve in the left arm, Tr. 315. The applications were denied initially and upon reconsideration. Tr. 176-80, 183-88. Administrative Law Judge (ALJ) Tom L. Morris held a hearing on August 21, 2015 and heard testimony from Plaintiff and vocational expert Mark Harrington. Tr. 31-83. The ALJ issued an unfavorable decision on January 5, 2016. Tr. 14-24. The Appeals Council denied review on May 27, 2017. Tr. 1-7. The ALJ's January 5, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on July 26, 2017. ECF Nos. 1, 5.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 40 years old at the alleged date of onset. Tr. 247. She reported that she completed her GED in 2005. Tr. 316. Her reported work history includes the jobs of farm laborer, clothing retail, food processing, hostess, and housekeeping. Tr. 317, 327. Plaintiff reported that she stopped working on May 31, 2011 due to her conditions. Tr. 316.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is

not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of

"disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On January 5, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had engaged in substantial gainful activity for the year of 2012.  Tr. 17.  However, since there had been a continuous twelve month period during which Plaintiff had not engaged in substantial gainful activity, the ALJ continued in the sequential evaluation process.  Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments:  degenerative disc disease and carpal tunnel syndrome.  Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> except she can stand and/or walk (with normal breaks) for a total of about six hours in an eight hour workday and sit (with normal breaks) for a total of about six hours in an eight hour workday.  The claimant would need to periodically alternate sitting with standing, which can be accomplished by any work task requiring such shifts or can be done in either position temporarily or longer.  The claimant can frequently climb ramps and stairs.  She can frequently handle bilaterally.  The claimant must avoid concentrated exposure to vibrations and hazards (such as dangerous machinery or unprotected heights).  She is capable of unskilled work tasks with customary breaks and lunch.  The claimant can work in a low stress environment, defined as only occasional decision making required.  No production rate pace work but rather goal oriented work.  The claimant would be off task 10% over the course of an 8-hour workday.

Tr. 20.  The ALJ identified Plaintiff's past relevant work as label maker and

packer, agricultural produce and concluded that Plaintiff was not able to perform this past relevant work. Tr. 22.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of small products assembler, electrical accessories assembler, and products assembler. Tr. 23. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 10, 2011[1], through the date of the ALJ's decision. Tr. 23.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the opinion evidence, (2) failing to find Plaintiff's anxiety and depression severe at step two, (3) failing to properly consider Plaintiff's symptom statements, and (4) failing to meet his burden at step five.

---

[1]Plaintiff had previously filed applications for SSI and DIB benefits on June 20, 2012 alleging disability as of August 10, 2011. Tr. 84-85, 232-244, 261. These applications were denied on September 18, 2012. Tr. 166. While the ALJ did not reopen these applications, he was aware of them as they were a part of the exhibits he entered into the record at the hearing. Tr. 34. The Court finds that by making a determination of disability pertaining to the period of time at issue in the prior application, the ALJ de facto reopened the prior adjudications. *See Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001).

## DISCUSSION[2]

**1. Opinion Evidence**

Plaintiff argues the ALJ failed to properly consider and weigh the opinions expressed by Tae-Im Moon, Ph.D., Jan Kouzes, Ed.D., N.K. Marks, Ph.D., Cheryl P. Hipolito, M.D., and Sergio Flores, M.D. ECF No. 14 at 13-18.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and

---

[2]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A. Tae-Im Moon, Ph.D., Jan Kouzes, Ed.D., and N.K. Marks, Ph.D.

On March 11, 2013, Dr. Moon completed a Psychological/Psychiatric Evaluation form for the Department of Social and Health Services (DSHS). Tr. 517-21. He diagnosed Plaintiff with major depressive disorder, and anxiety disorder and opined that Plaintiff had a marked limitation in seven basic work activities and a moderate limitation in the remaining six basic work activities. Tr. 519-20.

On August 24, 2012, Dr. Krouzes completed a Psychological/Psychiatric Evaluation form for DSHS. Tr. 462-66. She diagnosed Plaintiff with major depressive disorder, and anxiety disorder and opined that Plaintiff had a marked limitation in four basic work activities and a moderate limitation in an additional five basic work activities. Tr. 463-64.

On February 12, 2015 Dr. Marks examined Plaintiff and on April 30, 2015, Dr. Marks administered psychological testing at the request of DSHS. Tr. 695-701. He completed the Wechsler Adult Intelligence Test-IV and the Trail Making Test parts A and B. Tr. 700-01. Plaintiff was not able to complete the Trail making part B as she forgot the directions and had to have them repeated multiple times. Tr. 701. The Wechsler Memory Scale was attempted but testing was aborted due to Plaintiff's level of frustration and fatigue with testing. Tr. 700. On May 11, 2015, Dr. Marks diagnosed Plaintiff with an unspecified neurocognitive disorder and an unspecified depressive disorder. Tr. 697. He opined that Plaintiff had a severe limitation in nine basic work activities, a marked limitation in three basic work activities, and a moderate limitation in the remaining basic work

activities addressed on the form. Tr. 697-98.

The ALJ addressed the opinions of these three examining providers together in a single paragraph. Tr. 18-19. The ALJ assigned all three opinions little weight because (1) Plaintiff failed to follow through with treatment for her mental health symptoms, (2) Plaintiff's presentation for these evaluations was in "significant contrast to the other evidence in the record," (3) the claimant has greater social functioning that indicated in the opinions, and (4) the opinions do not accurately reflect Plaintiff's cognitive functioning. *Id*.

Plaintiff asserts that the ALJ's reasons for rejecting these opinions failed to raise to the level of specific and legitimate reasons supported by substantial evidence. ECF No. 14 at 14. The Court agrees. To meet the specific and legitimate standard, the ALJ must set out a detailed and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. *Magallanes*, 881 F.2d at 751. He must do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22. Here by clumping all three opinions together and making conclusory statements regarding their reliability, the ALJ failed to provide the thorough summary of the facts and conflicting clinical evidence.

The ALJ did provide one specific example regarding Dr. Marks' opinion as not accurately reflecting Plaintiff's cognitive functioning: "Dr. Marks indicated that the claimant exhibited very poor memory skills and had a full-scale IQ of 59, which would be in the intellectual disability range. However, no other examiner has suggested that the claimant has such significantly reduced functioning." Tr. 19. However, the ALJ failed to provide any citation to evidence that demonstrated Plaintiff functioned at a higher intellectual level. *Id*. Dr. Marks is the only provider who administered such testing, and the opinions of all the other examining psychologists, Dr. Moon and Dr. Krouzes, addressed significant

limitations in social and cognitive abilities. Tr. 464, 519-520. Therefore this single specific comparison as inserted in this otherwise conclusive paragraph is not supported by substantial evidence and is not sufficient to uphold the rejection of all three opinions.

Defendant provided substantial citations to the record in support of the ALJ's conclusive reasons for rejecting these opinions. ECF No. 15 at 11-13. However, the Court is limited to reviewing what the ALJ wrote in his decision and not the assertions of the Defendant on appeal. *See Orn*, 495 F.3d at 630 (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). Therefore, Defendant's citations to the record in support of the ALJ's rationale cannot be persuasive.

The ALJ will readdress the opinions of Dr. Moon, Dr. Krouzes, and Dr. Marks on remand and will call a psychological expert to testify at a remand hearing.

**B.     Cheryl P. Hipolito, M.D.**

On January 14, 2012, Dr. Hipolito completed a Physical Functional Evaluation form for DSHS. Tr. 523-25. She diagnosed Plaintiff with major depressive disorder and chronic left wrist pain and limited Plaintiff to sedentary work. Tr. 524-25. The ALJ rejected this opinion because the opinion of Dr. Ulleland was more consistent with medical evidence. Tr. 21-22. The ALJ's rationale implies that Dr. Hipolito's opinion was inconsistent with the medical evidence. The ALJ then provided citation to the evidence that supported Dr. Ulleland's opinion but failed to address how this evidence was contradictory to Dr. Hipolito's opinion. Since this case is being remanded to further address the psychological opinions in the file, the ALJ will readdress Dr. Hipolito's opinion as well.

//

C.   **Sergio Flores, M.D.**

On August 21, 2012, Dr. Flores completed a Physical Functional Evaluation form at the request of DSHS. Tr. 470-76. He diagnosed Plaintiff with a fracture of the right food and bilateral carpal tunnel syndrome. Tr. 471. He opined that Plaintiff was severely limited, meaning she was "[u]nable to meet the demands of sedentary work." Tr. 472, 476. The ALJ gave little weight to this opinion because (1) Dr. Flores did not cite to any objective findings to support his opinion, (2) Dr. Flores indicated Plaintiff was severely limited but only listed Plaintiff's impairments as moderate in severity, and (3) Dr. Flores relied on Plaintiff's foot fracture as an impairment contributing to her disability, but the ALJ found the foot fracture to be a nonsevere impairment. Tr. 22.

This case is being remanded for the ALJ to further address the psychological opinions in this case. Upon remand, the ALJ will further address Dr. Flores' opinion. Dr. Flores relied on Plaintiff's foot fracture as an impairment contributing to her disability. The ALJ concluded that this is inconsistent with the evidence, which failed to support that the foot fracture resulted in a severe impairment. Tr. 22. In the step two discussion of Plaintiff's foot fracture, the ALJ makes a citation to an imaging report that "did not document any fracture." Tr. 17 (*citing* Tr. 611-612). However, this imaging report was an x-ray of Plaintiff's left tibia and fibula. Tr. 612. The report fails to address any bones of the left foot. *Id*. As such, the ALJ's determination that Plaintiff's left foot impairment is not severe potentially lacks support by substantial evidence. Therefore, upon remand, the ALJ is instructed to further address Plaintiff's left foot impairment and reconsider Dr. Flores' opinion.

**2.   Step Two**

Plaintiff challenges the ALJ's determination that Plaintiff's depression and anxiety were not severe at step two. ECF No. 14 at 10-13.

The step-two analysis is "a de minimis screening device used to dispose of

groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). A claimant's own statement of symptoms alone will not suffice. *See* 20 C.F.R. § 416.921.

The ALJ premised his step two determination on the rejection of the opinions of Dr. Moon, Dr. Kouzes, and Dr. Marks. Tr. 18-19. As addressed above, the ALJ failed to provide legally sufficient reasons for rejecting the opinions of these providers, all of which found Plaintiff had severe mental health impairments. Therefore, upon remand, the ALJ will readdress Plaintiff's mental health impairments at step two.

### 3. Plaintiff's Symptom Statements

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for rejecting her symptom statements. ECF No. 14 at 18-19.

It is generally the province of the ALJ to make determinations regarding the credibility of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements to be less than fully credible

concerning the intensity, persistence, and limiting effects of her symptoms. Tr. 21. Plaintiff argues that the ALJ identified one reason for rejecting her statements, that they were inconsistent with the objective medical evidence, and this one reason failed to meet the specific, clear and convincing standard. ECF No. 14 at 18-19. Defendant argues that the record contains affirmative evidence of malingering and the ALJ was not required to provide any specific, clear and convincing reasons. ECF No. 15 at 17-18. To support his assertion, Defendant cites to records from Neuva Esperanza Counseling Center in July of 2012 which states that "CC suspect's client is malingering," Tr. 495, 496, and "Clinician suspects client is malingering," Tr. 496. He additionally points to a September 2012 discharge note from Neuva Esperanza Counseling Center stating "Clinician suspects client is malingering." Tr. 499.

With regard to "affirmative evidence of malingering," The Ninth Circuit has generally limited its finding of malingering to cases involving a strong evidentiary support for doing so. In *Mohammad v. Colvin*, for example, the Court found evidence of malingering based on "three instances in which [the claimant's] symptoms disappeared after arriving at the emergency room with her son, a psychological evaluation that refers to a rule-out malingering diagnosis made by another examining psychologist, and the provisional malingering diagnosis from [an examining psychologist]." 595 Fed.Appx. 696, 697-98 (9th Cir. 2014); *see also Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010) (malingering established where claimant reported refraining from doing volunteer work "for fear of impacting his disability benefits," and claimed disability dating from his last day of employment despite admitting he left his job because his employer went out of business and "probably would have worked longer had his employer continued to operate."). In contrast, in *Cha Yang v. Commissioner of Social Security Administration*, a doctor's notation "to R/O [rule out] malingering" was "not a clear, affirmative diagnosis that [the claimant] was actually malingering" because

that doctor "failed to follow up on his suspicions and none of [the claimant's] other treating or examining doctors suggested that [the claimant] might be malingering." 488 Fed.Appx. 203, 205 (9th Cir. 2012).

Here, there are two major factors demonstrating that "affirmative evidence of malingering" is not present in this case. First, the ALJ made no finding that Plaintiff was malingering. He only mentioned the word malingering once in his step two determination as a reason to discount Plaintiff's mental health impairments and not in the context of a credibility analysis. Second, reviewing the records from Neuva Esperanza Counseling Center, it is unclear who is suspecting Plaintiff of malingering. The identifiers "CC" or "Clinician" can be referring to the "Care Coordinator," *see* Tr. 526, who is further unidentified, or it could be referring to Christy Chantharath, ARNP, Tr. 527. Therefore, the training and reliability of the individual who suspects the malingering is unknown. The Court cannot determine whether this is the conclusion of an acceptable medical source or not. As such, the Court finds there was no "affirmative evidence of malingering" in this case, and the ALJ was required to provide specific, clear and convincing reasons to reject Plaintiff's symptom statements.

The ALJ's only reason for rejecting Plaintiff's symptoms statements, that they were not supported by objective medical evidence, is not specific, clear, and convincing reason to undermine Plaintiff's credibility on its own. Although objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," it cannot serve as the sole ground for rejecting a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Therefore, the ALJ failed to properly address Plaintiff's symptom statements and will readdress them upon remand.

**4.     Step Five**

Plaintiff argues that the ALJ failed to meet his burden at step five because the determination was based on portions of the vocational expert's testimony,

which was without evidentiary value because it was provided in response to an incomplete hypothetical. ECF No. 14 at 19-20. Since the case is being remanded for the ALJ to properly address the opinion evidence and Plaintiff's symptom statements, a new residual functional capacity determination will be necessary and will trigger the need for new determinations at steps four and five.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to further address the medical source opinions in the file and properly address Plaintiff's symptom statements. This necessitates new determinations at steps two through five. The ALJ will supplement the record with any outstanding evidence and call a psychological

expert, a medical expert, and a vocational expert to testify at a remand hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED September 25, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE